UNITED STATES of America,
Plaintiff–Appellee,

v.

Alma Delia CHAVEZ de Gallardo,
Defendant–Appellant.

No. 00–50326.

D.C. No. CR–99–03285–JTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided July 26, 2001.

Before MAGILL,* MCKEOWN, and FISHER, Circuit Judges.

## MEMORANDUM **

Alma Chavez de Gallardo appeals her jury conviction for importation of marijuana and possession with intent to distribute, in violation of 21 U.S.C. §§ 952, 960 and 841(a)(1). Chavez was arrested at the United States–Mexico border with nearly 100 pounds of marijuana stored in secret compartments of the Toyota 4–Runner she was driving. The car was registered in the name of Tina Lopez. At trial, Chavez posited the theory that the drugs belonged to Lopez, and that Chavez had borrowed the car unaware of its hidden contents.

After the defense introduced testimony that a man was arrested on the same day as Chavez at the border claiming to be Lopez's grandfather, the government asked whether any of Chavez's relatives had been arrested for drug smuggling. The district court immediately sustained an objection and issued a curative instruction. The question went unanswered. Chavez moved for a mistrial because of this allegedly improper question, but the district court denied the motion. Also at trial, the government introduced expert testimony regarding the general structure of drug trafficking organizations. On cross-examination by the defendant's attorney, the expert testified regarding the use of "blind mules," or unknowing carriers, by those organizations. Chavez also argues the admission of that evidence was improper. We affirm all of the district court's rulings except the admission of structure testimony, which was not harmless error and requires reversal for a new trial.

## DISCUSSION

### I. Motion for a Mistrial

We review for an abuse of discretion the district court's denial of a motion for mistrial. *United States v. Sarkisian*, 197 F.3d 966, 981 (9th Cir.1999). "A determination that the prosecutor's questioning was improper is insufficient in and of itself to warrant reversal." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir.1998). The critical question is whether the prosecutor's comment "so infected the trial with unfairness

---

* The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

as to make the resulting conviction a denial of due process." *Id.* (quoting *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). The Ninth Circuit has consistently refused to find a due process violation "[w]here an allegedly improper question is an isolated or one-time incident." *Id.; see also United States v. Sanchez–Robles,* 927 F.2d 1070, 1077 (9th Cir.1991) ("If the misconduct complained of was isolated and was not inflammatory, then reversal is not warranted.").

■ The only instance of possible misconduct Appellant cited is the single allegedly improper question. Defense counsel objected to the question as soon as it was posed; the objection was sustained and the question went unanswered. Further, the court immediately, and strongly, instructed the jury to disregard the question. At the end of the trial, it also instructed the jury to consider only the testimony and exhibits received into evidence, and that questions and objections by lawyers were not evidence. "The sequence of events in this case—a single question, an immediate objection, and two curative instructions—clearly indicates that the prosecutor's improper question did not violate [Chavez de Gallardo's] ... rights." *Greer v. Miller,* 483 U.S. 756, 766, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (finding no error where an improper question regarding the defendant's post-*Miranda* silence went unanswered because of a timely defense objection that was sustained and followed by two curative instructions). The district court was within its discretion to deny the motion for a mistrial.

II. Admission of Expert Testimony Regarding the Structure of Drug Organizations

■ The district court overruled Chavez de Gallardo's objection to the government's expert's testimony regarding the structure of drug organizations. We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Fleming,* 215 F.3d 930, 938 (9th Cir. 2000). "[E]xpert testimony regarding the general structure and operations of drug trafficking organizations is inadmissible where the defendant is not charged with a conspiracy to import drugs or where such evidence is not otherwise probative of a matter properly before the court." *United States v. Vallejo,* 237 F.3d 1008, 1012 (9th Cir.2001), *as amended* at 246 F.3d 1150 (9th Cir.2001). The government argues that the admissibility of testimony regarding the structure of drug enterprises is controlled by *United States v. Campos,* 217 F.3d 707 (9th Cir.2000). In *Campos,* the issue raised on appeal was the admission of "unknowing courier" testimony, not testimony regarding the structure of drug organizations. *See United States v. Murillo,* 2001 WL 754772 (9th Cir. July 6, 2001). Accordingly, *Vallejo* is the controlling case.

Chavez de Gallardo was not charged with a conspiracy and, at trial, the government did not explain how the structure testimony was probative of a matter before the court. On appeal, the government argues this testimony was relevant to show knowledge. In *Vallejo* we specifically foreclosed the use of structure testimony to prove knowledge. 237 F.3d at 1016 ("Although the Government has not asserted that it introduced the evidence to show Vallejo's knowledge, had that been the purpose, the district court should properly have excluded it under Rule 403 of the Federal Rules of Evidence.").

Alternatively, the government argues that Chavez de Gallardo "opened the door" to the admission of the structure testimony by raising Tina Lopez's connection to drug smugglers. The testimony elicited by the defendant regarding Tina Lopez's involve-

ment with drug smugglers went to Lopez's credibility, not to whether Chavez de Gallardo had knowledge of the drugs in the vehicle—the only issue at trial. The expert's testimony on the similarity of drug organizations to large corporations had no relevance to Lopez's credibility.

Last, the government argues the "expert testimony was relevant because it showed that Chavez was connected to a larger drug conspiracy." It is for that very reason this type of testimony is inadmissible when a conspiracy is not charged. *Id.* at 1017.

Accordingly, this testimony should have been excluded and the district court abused its discretion in admitting it. Because the testimony improperly and unfairly imputed knowledge to Chavez de Gallardo—the central question before the jury—we cannot say this error was harmless. *Id.*

III.  Admission of Expert Testimony Regarding "Unknowing Couriers"

There was no error in admitting the expert's testimony regarding unknowing couriers because defendant herself elicited this testimony on cross-examination.

### CONCLUSION

Although we AFFIRM the district court's denial of the motion for mistrial, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this disposition.