UNITED STATES of America, Plaintiff–Appellee

v.

Alfonso GUEVARA–CABRERA, aka Alfonso Guevara; aka Alfonso Hernandez–Garcia Defendant–Appellant

No. 99–10278.
D.C. No. CR–F–97–5206–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted March 22, 2001 *.

Decided Aug. 8, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SNEED, TASHIMA, and SILVERMAN Circuit Judges.

## MEMORANDUM **

Alfonso Guevara–Cabrera appeals his sentence of 77 months imprisonment entered after a remand for re-sentencing ordered by this court. In an unpublished disposition filed January 27, 1999, this panel held that the district court did not err in denying Guevara–Cabrera a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *United States v. Guevara–Cabrera,* 168 F.3d 503 (9th Cir. 1999) (unpublished disposition). The panel nevertheless remanded for re-sentencing on a separate issue. *Id.*

On May 10, 1999, the district court re-sentenced Guevara–Cabrera. The district court again refused to adjust or to depart downward from the otherwise applicable guideline sentence. Guevara–Cabrera again contends that this was error. We affirm.

■ A district court's refusal to adjust a defendant's sentence based on acceptance of responsibility is a factual de-

termination reviewed for clear error. *United States v. Fleming,* 215 F.3d 930, 939 (9th Cir.2000). In this case, Appellant denied the factual elements of his offense, and refused to sign a written statement at the conclusion of his initial INS interview. These facts indicate that Appellant did not "clearly demonstrate acceptance of responsibility for his offense." U.S.S.G. § 3E1.1.

Appellant argues that his lack of cooperation during the INS interview was the result of the agent's poor language skills. The agent, however, testified that he was fluent in Spanish. The district court did not clearly err in crediting the agent's testimony over that of Appellant. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.").

We lack jurisdiction to review Appellant's additional claim that the district court erred in refusing to grant a downward departure because the record is clear that the district court exercised its discretion in refusing to do so. *United States v. Morales,* 898 F.2d 99, 101 (9th Cir.1990); *United States v. Duran–Orozco,* 192 F.3d 1277, 1283 (9th Cir.1999).

The sentence is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.