UNITED STATES of America,
Plaintiff—Appellee,

v.

Keith Manuel JOHNSON, Defendant—
Appellant.

No. 00–50479.
D.C. No. CR–99–02066–1–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Jan. 10, 2002.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

A jury found appellant Keith Manuel Johnson guilty of one count of conspiracy to bring in undocumented aliens, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii), and three counts of bringing in undocumented aliens, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). We affirm the conviction and sentence.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

## I

Johnson first argues that the government lacked the statutory authority to charge him with conspiracy to commit alien smuggling. Section 1324(a)(1) criminalizes certain offenses related to alien smuggling and to harboring and concealing illegal aliens. This section includes a subsection criminalizing conspiracy to commit such acts. *See* 8 U.S.C. § 1324(a)(1)(A)(v)(I). But the government prosecuted Johnson under § 1324(a)(2), which does not include a subsection specifically criminalizing conspiracy. Johnson argues, based on the maxim *expressio unius est exclusio alterius,* that we must read Congress' silence concerning conspiracy in § 1324(a)(2)-compared with its specific criminalization of conspiracy in § 1324(a)(1)-as a deliberate decision not to criminalize conspiracy under § 1324(a)(2).

We disagree. The general conspiracy statute, 18 U.S.C. § 371, applies "[i]f two or more persons conspire . . . to commit *any offense* against the United States" (emphasis added). Accordingly, when Congress drafted § 1324 it knew that a defendant could be charged with conspiracy to commit any crime. It would therefore have been redundant for Congress to insert a separate conspiracy provision in either § 1324(a)(1) or § 1324(a)(2) if the only purpose were to ensure that conspiracy liability would attach to the acts criminalized therein.

Inclusion of conspiracy liability in § 1324(a)(1) is not surplusage because it increases what would otherwise be the penalty for conspiracy to commit that crime. The maximum term of imprisonment for conspiracy under § 1324(a)(1) is 10 years if done for the purpose of commercial advantage or financial gain, *see* 8

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S.C. § 1324(a)(1)(B)(i); twenty years if the conspiracy causes serious bodily injury or jeopardizes a person's life, *see* 8 U.S.C. § 1324(a)(1)(B)(iii); or life imprisonment or death if the conspiracy results in the death of any person, *see* 8 U.S.C. § 1324(a)(1)(B)(iv). These penalties greatly exceed the 5-year maximum sentence authorized by 18 U.S.C. § 371. Numerous conspiracy statutes increase the penalties for certain kinds of conspiracy in the same fashion. *See, e.g.,* 18 U.S.C. § 351(d) (authorizing life imprisonment for conspiracy to kill or kidnap high federal officials). In this context, the absence of a conspiracy provision in § 1324(a)(2) does not imply a congressional desire to withhold conspiracy liability from that section, but rather a desire to rely on the provisions of the general conspiracy statute.

This analysis accords with our recent decision in *United States v. Angwin,* 271 F.3d 786 (9th Cir.2001), in which we held that the specific provision of aider and abettor liability in § 1324(a)(1) did not support a conclusion that the government could not charge a defendant with aiding and abetting under § 1324(a)(2). Accordingly, we hold that the government had authority to charge Johnson under 18 U.S.C. § 371 for conspiracy to commit acts criminalized under 8 U.S.C. § 1324(a)(2).

## II

The district court instructed the jury to convict if Johnson "brought or attempted to bring a person who was an alien into the United States." The jury instruction's use of the disjunctive conjunction "or" tracked the text of the statute. 8 U.S.C. § 1324(a)(2).

### A. *Specific unanimity instruction*

 Johnson argues that the district court should have given a specific unanimity instruction.[1] Because Johnson did not object to the instruction at trial, our review is for plain error. *See United States v. Payseno,* 782 F.2d 832, 834 (9th Cir. 1986). A specific unanimity instruction is ordinarily required only when there is "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Kim,* 196 F.3d 1079, 1082 (9th Cir.1999) (internal quotation marks and citations omitted). The present case involves a single set of facts, and the jury did not indicate any confusion to the court. We therefore hold that the failure to give a specific unanimity instruction was not plain error.

### B. *Motions for acquittal*

Johnson next argues that the jury could not legally have convicted him of bringing aliens *to* the United States. In essence, he claims that the aliens had to effect an *entry* into the United States in order to sustain his conviction under 8 U.S.C. § 1324(a)(2).

---

1. The instruction was in contrast to the indictment, which states in counts two, three, and four: "Johnson ... did bring to *and* attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain" (emphasis added). Johnson maintains that the indictment is duplicitous because it charges him with both committing a crime and attempting to commit the same crime, but he waived this argument by failing to raise it before trial. *See* Fed.R.Crim.P. 12(b)(2) (requiring that "[d]efenses and objections based on defects in the indictment" be raised before trial); Fed. R.Crim.P. 12(f) ("Failure by a party to raise defenses or objections or to make requests which must be made prior to trial ... shall constitute waiver thereof ...."); *see also United States v. Klinger,* 128 F.3d 705, 708 (9th Cir.1997) ("We have held that challenges based on the alleged duplicity of an indictment fall squarely within Rule 12(b)(2)'s mandate.").

■ However, as we just held in *United States v. Gonzalez–Torres*, No. 00–50543, 2001 WL 1568373 (9th Cir. Dec.11, 2001), "entry" into the United States, in the sense in which that term is used in 8 U.S.C. § 1326, is not a requirement for a conviction under 8 U.S.C. § 1324(a)(2). *Compare* 8 U.S.C. § 1326 (applying penalties to an alien who "enters" the United States) *with* 8 U.S.C. § 1324(a)(2) (requiring that alien have been brought "to," not "into," the United States). Further, § 1324(a)(2) refers to the bringing of an alien to the "United States," in contrast to § 1324(a)(1), which applies to the bringing of certain aliens to the United States "at a place other than a designated port of entry." The omission of the reference to a designated port of entry in § 1324(a)(2) suggests that the subsection is violated even if an alien is brought to the United States at a port of entry. The district court therefore did not err in dismissing Johnson's motions for acquittal.

### III

■ Johnson also argues that the district court abused its discretion in allowing the government to present evidence of Johnson's cash deposits and of his requests that a coworker deposit money on his behalf. Johnson appears to argue that this evidence should have been excluded under Federal Rule of Evidence 401 because it was not relevant, or under Federal Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice. We disagree.

We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Fleming*, 215 F.3d 930, 938 (9th Cir.2000). The government prosecuted Johnson under § 1324(a)(2)(B)(ii), which applies to an "offense done for the purpose of commercial advantage or private financial gain." It is easy to see how the evidence was relevant. Unusual deposits in Johnson's account, or unusual efforts by Johnson to avoid depositing cash in his own account, could establish that Johnson was receiving "commercial advantage" or "private financial gain" from smuggling activity. Further, Johnson has not alleged in what way the evidence resulted in prejudice that outweighed its probative value. We therefore affirm the district court's evidentiary rulings.

### IV

■ Johnson objected to the admission of the government's expert witness' testimony that in his opinion the handwriting on the fraudulent I–94 forms held by the women at the point of entry was Johnson's. Johnson argues that handwriting analysis is inherently subjective and that, under *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the district court erred in admitting this evidence. When a defendant objects, we review a district court's decision to admit expert testimony for abuse of discretion. *See United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000).

■ The handwriting expert compared known samples of Johnson's handwriting to the handwriting on the I–94 forms and to a handwriting exemplar given by Johnson. The government presented evidence that the handwriting expert was experienced and well-qualified, and his qualifications were subject to examination by defense counsel. Further, "[i]t is undisputed that handwriting analysis is a science in which expert testimony assists a jury." *United States v. Fleishman*, 684 F.2d 1329, 1337 (9th Cir.1982). The testimony was clearly relevant to Johnson's involvement in the alien smuggling scheme. It was not an abuse of discretion

for the district court to admit the testimony of the handwriting expert.

## V

Finally, Johnson argues that he should have been sentenced for committing only one "violation" of § 1324(a)(2)(B)(ii), even though three aliens were involved in his crime. The jury convicted Johnson of three separate counts of bringing an undocumented alien to the United States. Each count involved a different alien, but the aliens were all part of the same smuggling transaction. The district court concluded that Johnson had committed three violations of the statute, which required a mandatory minimum sentence of five years' imprisonment for his third violation.

As we decided in *Gonzalez–Torres*, 273 F.3d 1181, 2001 WL 1568373, under § 1324(a)(2) each alien involved in an alien smuggling transaction counts as a separate violation. *See* 8 U.S.C. § 1324(a)(2) (imposing penalties "for *each alien* in respect to whom a violation of this paragraph occurs") (emphasis added). Therefore, following *Gonzalez–Torres*, we affirm the sentence.

AFFIRMED.