**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Frayne Aeron WISKUS, Defendant—
Appellant.**

No. 02–30262.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2003.*

Decided June 11, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Frayne Aeron Wiskus was sentenced to sixty months incarceration and three years supervised release, with no downward departure for acceptance of responsibility, after pleading guilty to wire fraud. Wiskus appeals both the denial of downward departure and a condition of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for clear error the district court's factual findings, *United States v. Fleming*, 215 F.3d 930, 939 (9th Cir.2000), and review de novo the court's application of the Sentencing Guidelines, *United States v. Kimple*, 27 F.3d 1409, 1411 (9th Cir.1994). The commentary to the Sentencing Guidelines specifically provides that, due to the sentencing judge's "unique position to evaluate a defendant's acceptance of responsibility," his determination "is entitled to great deference on review." U.S.S.G. § 3E1.1, Application Note 5.

■ Wiskus relies on *United States v. Vance*, 62 F.3d 1152 (9th Cir.1995) to argue that he satisfied the requirements of U.S.S.G. § 3E1.1. *Vance* does not compel reversal in this case. The judge pointed to several aggravating factors that he could constitutionally take into account as conduct "inconsistent with [the] acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 3. In addition, the fact that Wiskus changed his plea to guilty only upon the addition of another count could be construed as a "clever bargain" rather than acceptance of responsibility. *United States v. Rosales*, 917 F.2d 1220, 1223 (9th

Cir.1990). Finally, although Wiskus did express some remorse for his actions, the sentencing judge was in the best position to determine whether those expressions reflected actual acceptance of responsibility, in light of the rest of his conduct. We conclude that the judge's application of the Guidelines based on his factual assessment was not in error.

■ Wiskus also challenges the imposition of a condition that he "incur no new lines of credit without the prior approval of the U.S. Probation Officer." U.S.S.G. § 5D1.3(d)(2) states that if a schedule of restitution payment is imposed, the court may also impose "a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer *unless the defendant is in compliance with the payment schedule.*" *Id.* (emphasis added). Wiskus argues that because of the last clause of the Guideline, he should be required to consult with his probation officer before opening new lines of credit only if he is not in compliance with the schedule for payment.

U.S.S.G. § 5D1.3(b)(1)(A) allows the court to impose such conditions of supervised release to the extent that they are "reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant." Wiskus's history of repeated interactions with the victim, as well as the large sum that he was ordered to repay, provide a sufficient basis for the sentencing judge to require oversight by the probation officer before Wiskus opens new lines of credit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.