Mark K. COOPER, Plaintiff–Appellant,

v.

CITY OF ASHLAND, an Oregon municipal corporation; Paul Nolte; John McLaughlin; Steven Hall; Brian Almquist, Defendants–Appellees.

Mark K. COOPER, Plaintiff–Appellee,

v.

CITY OF ASHLAND, an Oregon municipal corporation; Paul Nolte; John McLaughlin; Steven Hall; Brian Almquist, Defendants–Appellants.

Nos. 03–15169, 03–15228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Oct. 6, 2004.

Gerald L. Robertson, Spohn & Robertson, LLP., Napa, CA, for Plaintiff-Appellant.

Mark K. Cooper, San Francisco, CA, Janet M. Schroer, Esq., Hoffman Hart & Wagner, LLP., Portland, OR, for Defendants-Appellants.

\* This disposition is not appropriate for publication and may not be cited to or by the courts

Before: BEEZER, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM \*

Mark Cooper appeals from a jury verdict on his breach of contract claim. In the event of reversal, the City of Ashland cross-appeals, contending that it was error to change venue to the Northern District of California.

Cooper's claim arises out of an oral settlement agreement he and the City entered into in 1990 following disputes about a subdivision that Cooper wished to develop in Ashland. As part of the agreement, the City promised to provide a letter from its engineering department explaining the requirements that Cooper would have to meet in order for the project to go forward. The parties agreed that District Court Judge Michael Hogan, who had overseen the settlement negotiations, would decide whether the City's letter was adequate, and that there would be no appeal from his determination. At the time the settlement agreement was reached, Judge Hogan, speaking in open court, described his role in the agreement as follows:

> [T]he city will give Mr. Cooper a letter from their engineering department, a letter which is *satisfactory to me,* which explains any other requirements the city may have concerning the subdivision.

(Emphasis added.)

After the parties had agreed on settlement terms, Judge Hogan continued to oversee discussions between Cooper and the City. In August 1993, Judge Hogan determined that a series of letters and other communications between the City and Cooper were adequate to satisfy the City's engineering letter requirement. In

of this circuit except as provided by Ninth Circuit Rule 36–3.

October 1993, Judge Hogan entered an order stating that the settlement agreement was valid and enforceable and that the City had complied with it.

Cooper then sued the City for breach of contract. The district court granted summary judgment for the City on the basis of Judge Hogan's order. We reversed, holding that under a Supreme Court case decided after the settlement was reached, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), Judge Hogan lacked jurisdiction to enforce the agreement. Based on *Kokkonen*, we held that his conclusion that the City had complied with the agreement's terms lacked binding legal effect in the sense of a judgment of the court.

At trial on remand, Cooper moved in limine to exclude Judge Hogan's testimony and transcripts of post-settlement proceedings before him. The district court denied these motions, but limited Judge Hogan's testimony to his views on the sufficiency of the engineering letter, barring him from testifying about the ultimate enforceability of the settlement agreement. Following testimony by Judge Hogan and by several other witnesses, the jury found for the City.

Cooper contends that the district judge erred by admitting Judge Hogan's testimony and the transcripts of the proceedings before him, by failing to instruct the jury that under Oregon law a contract must be performed within a reasonable time if no term for performance is specified, and by not recusing herself.

■ The district court did not err in admitting Judge Hogan's testimony. Fed. R.Evid. 403 provides that relevant evidence may be excluded only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Judge Hogan's testimony had great pro-

bative value and was not unfairly prejudicial. The settlement agreement specifically assigned to Judge Hogan the role of determining whether the City had furnished a satisfactory letter from the engineering department. Because the sufficiency of the City's performance was the central issue at trial, Judge Hogan's testimony on this point was highly probative. Moreover, Judge Hogan's contractually assigned role as arbiter of the letter's adequacy was distinct from his office as federal judge and was not conditional on his retention of formal jurisdiction over the case.

Cooper was not unfairly prejudiced by Judge Hogan's testimony. A judge's testimony is not prejudicial merely because the jury may perceive a judge as possessing particular "prestige, dignity and authority." *United States v. Fleming*, 215 F.3d 930, 938 (9th Cir.2000).

■ Cooper's second assignment of error is not preserved because he did not clearly object at trial, as Fed. R. of Civ. P. 51 requires, to the court's failure to give a "reasonable time" instruction to the jury. To preserve a Rule 51 objection, litigants must be clear that they are objecting on legal grounds and not merely "tell[ing] the district judge [their] preferences." *United States v. Parsons Corp.*, 1 F.3d 944, 945 (9th Cir.1993). Although Cooper's attorney raised in passing to the trial judge the possibility of giving a "reasonable time" instruction, he appeared to accept the judge's opinion that such an instruction was not necessary, and he did not pursue the issue further.

■ Even if Cooper had preserved this objection, he was not prejudiced by the trial court's failure to give the instruction. An error in jury instruction is harmless if "the evidence would have supported a verdict for the [prevailing party] even with

the requested instruction." *Lambert v. Ackerly*, 180 F.3d 997, 1008 (9th Cir.1999). In this case, a "reasonable time" instruction would have been largely redundant because the jury was instructed that it could consider the City's "lack of diligence in providing the engineering letter" in determining whether the City had breached its duty of good faith.

■ Cooper's third assignment of error also fails. In determining whether a judge's bias deprived litigants of a fair trial, the Ninth Circuit looks to the standards of 28 U.S.C. § 455, which provides that a federal judge shall disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." *Yagman v. Baden*, 796 F.2d 1165, 1179 (9th Cir.1986) (quoting *In re Manoa Finance Co.*, 781 F.2d 1370, 1372–73 (9th Cir.1986)). There is no basis for questioning Judge Hamilton's impartiality. Cooper's allegations of bias are wholly unsupported by the record. He has not demonstrated that Judge Hamilton's conduct was remotely out of the ordinary, much less that "prejudicial misconduct" occurred.

Because we affirm the decision of the district court, we need not decide the City's cross-appeal.

AFFIRMED