**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cedric Shawn DAVISON, Defendant—
Appellant.**

**No. 04–10178.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2005.[*]

Decided Aug. 10, 2005.

Frederick A. Battista, AUSA, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick E. McGillicuddy, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN and CLIFTON, Circuit Judges.

## MEMORANDUM **

Defendant Cedric Shawn Davison appeals his conviction and sentence. We affirm.

■ The district court properly denied Davison's motion to suppress. Davison, no stranger to the criminal process, *cf. United States v. Pinion,* 800 F.2d 976, 981 (9th Cir.1986), voluntarily met with investigators and knowingly waived his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When Davison met with the officers, he was not arrested or otherwise placed in custody. Davison did not appear to be uncomfortable during the interview, *cf. Pollard v. Galaza,* 290 F.3d 1030, 1035 (9th Cir.2002), and he was not interviewed for an extended period, *cf. United States v. Crawford,* 372 F.3d 1048, 1061 (9th Cir.2004) (en banc). The investigators did not threaten Davison or his family or make promises of leniency. *Cf. United States v. Guerrero,* 847 F.2d 1363, 1366–67 (9th Cir.1988). Under the totality of the circumstances, the district court could have reasonably concluded that Davison's statements were voluntary, *see Crawford,* 372 F.3d at 1061, and could have reasonably rejected Davison's testimony to the contrary, *see United States v. Benitez,* 34 F.3d 1489, 1496 (9th Cir.1994). Accordingly, the evidence of Davison's statements to the officers and the recovered firearm itself, which was obtained as a direct result of the statements, were properly admitted at trial.

The district court did not plainly err in allowing one of the investigators to testify regarding certain statements that Davison made following his arrest, because, even assuming the testimony was improperly admitted, the error did not affect Davison's substantial rights. There was ample evidence to support the conviction as a felon in possession of a firearm, including Davison's confession that he owned a gun and the recovered gun itself. In light of the overwhelming evidence of guilt, Davison has not carried his burden to show that the error "affected the outcome of the district court proceedings." *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ The district court did not clearly err by denying Davison's motion for a downward adjustment for acceptance of responsibility. While Davison acknowledged that he owned a firearm and aided the officers in locating the weapon, he only did so in the hope that he would not be charged for the offense and not because he accepted responsibility for his conduct. Indeed, Davison rejected a plea offer and proceeded to trial on the merits. Given Davison's persistent refusal to acknowledge guilt, we have no difficulty affirming the district court. *See United States v. Fleming,* 215 F.3d 930, 939–40 (9th Cir. 2000).

Although the district judge did not rely on extra-verdict facts, other than the fact of a prior conviction, to reach the applicable sentencing range, *see United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), Davison was sentenced under the reasonable but mistaken belief that the guidelines were man-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

datory. That was error of a nonconstitutional nature. *United States v. Ameline*, 409 F.3d 1073, 1084 n. 8 (9th Cir.2005) (en banc). Because of that error, Davison and the government are entitled to pursue a limited remand for resentencing under *Ameline*. *United States v. Moreno–Hernandez*, 419 F.3d 906, 915–916 (9th Cir. 2005). We order each party to advise us by letter, addressed and delivered to the Clerk within twenty days of the date of this disposition, whether a limited remand is requested. If either party requests a limited remand, we will amend the disposition accordingly. If a limited remand is not requested, this disposition will stand with the existing sentence affirmed.

AFFIRMED.