**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mario RODRIGUEZ–RANGEL, Defendant—Appellant.**

No. 08–50334.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 31, 2009.*

Filed Sept. 3, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esquire, Assistant U.S., Cameron Schroeder, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Anthony Eaglin, Esquire, Kathryn Ann Young, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant– Appellant.

** The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

Before: GOULD and TALLMAN, Circuit Judges, and PANNER,** District Judge.

### MEMORANDUM ***

Mario Rodriguez–Rangel appeals his conviction for assaulting a federal officer under 18 U.S.C. § 111 and the resulting 51–month sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Rodriguez–Rangel first argues the district court erred by admitting improper lay and expert witness opinion testimony. Because Rodriguez–Rangel's counsel did not object to this evidence at trial, we review only for plain error. *See United States v. Olano,* 507 U.S. 725, 735–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Rodriguez–Rangel claims the district court erred by admitting the testimony of Officers Ferguson and McNeel because neither officer was qualified to offer a medical opinion. The officers each testified that they had previously observed people having seizures and that Rodriguez–Rangel's behavior was inconsistent with their previous observations. Assuming these statements constituted lay opinions, they were "rationally based on the perception of the witness[es]" and "helpful to a clear understanding of the witness[es]' testimony or the determination of a fact in issue." Fed.R.Evid. 701. The district court did not plainly err in admitting them.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

■ Rodriguez–Rangel also claims the district court erred by allowing Officers Ferguson and McNeel, and medical expert witness Dr. Fernandez, to testify to the ultimate issue: whether Rodriguez–Rangel formed the requisite intent to assault. All three witnesses testified that Rodriguez–Rangel's behavior during the altercation was inconsistent with the symptoms of a seizure. They did not "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto." FED. R. EVID. 704(b). That inference was properly left for the jury. *See United States v. Cohen,* 510 F.3d 1114, 1125–26 (9th Cir. 2007). Moreover, even if admitting this testimony was error, Rodriguez–Rangel cannot demonstrate prejudice to his substantial rights in light of the other evidence admitted against him at trial. *See Olano,* 507 U.S. at 734, 113 S.Ct. 1770. The district court did not plainly err in admitting this testimony.

■ Rodriguez–Rangel next argues the district court erred in refusing to allow the defense to introduce the victim's allegedly prior inconsistent statements regarding the offense. The defense asked Special Agent Sloan, who investigated the event and prepared the case for prosecution, whether Officer McNeel's testimony at trial was the same as his statements during the investigation. The district court sustained the prosecution's hearsay objection. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Fleming,* 215 F.3d 930, 938 (9th Cir.2000).

The hearsay statement elicited was not admissible under Federal Rule of Evidence 801(d) because McNeel's original statement made out of court was not under oath and subject to the penalty of perjury. The district court properly sustained the objection on this ground. Rodriguez–Rangel suggests on appeal the prior statement should have been admitted for the purpose of impeaching Officer McNeel. However, defense counsel did not lay a proper foundation by affording Officer McNeel "an opportunity to explain or deny the statement." FED. R. EVID. 613(b). Nor did counsel proffer the allegedly impeaching information. Therefore, the argument is waived. *See United States v. Boulware,* 558 F.3d 971, 974 (9th Cir.2009) ("Counsel must also 'articulate every ground on which the evidence is admissible, since a ground not identified at trial will not provide a basis for reversal on appeal.' ") (citation omitted). The district court did not abuse its discretion in excluding this testimony.

Finally, Rodriguez–Rangel claims his 51–month sentence is unreasonable. We review all sentencing decisions for abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008). The district court considered the factors listed in 18 U.S.C. § 3553(a), including Rodriguez–Rangel's history and characteristics, and gave sufficient explanation of its reasoning. *See* 18 U.S.C. § 3553(a)(1); *Carty,* 520 F.3d at 992. The within-guidelines sentence imposed was procedurally and substantively reasonable.

AFFIRMED.