**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAMIRO PONCE-GALVAN,<br><br>Defendant-Appellant. | No. 22-50114<br><br>D.C. No. 3:21-cr-02227-H-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted March 27, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Ramiro Ponce-Galvan appeals his conviction for one count of attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Ponce-Galvan argues that his statute of conviction violates the Equal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Protection Clause because it was enacted with the intent to discriminate against Mexicans. We recently rejected an identical argument in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023). Accordingly, Ponce-Galvan's constitutional challenge fails.

2. Ponce-Galvan next argues that the district court improperly excluded a photograph of Ponce-Galvan's deceased brother under Federal Rule of Evidence 403. We "review the district court's exclusion of evidence for abuse of discretion." *United States v. Espinoza*, 880 F.3d 506, 511 (9th Cir. 2018). A district court abuses its discretion if its ruling is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

Under Rule 403, "relevant evidence may be excluded, among other reasons, if 'its probative value is substantially outweighed by the danger of unfair prejudice.'" *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001) (quoting Fed. R. Evid. 403). We have held that "[a] district court's decision to exclude or admit evidence under Rule 403 is reviewed with considerable deference." *United States v. Fleming*, 215 F.3d 930, 938 (9th Cir. 2000) (internal quotation marks and brackets omitted) (quoting *United States v. Hankey*, 203 F.2d 1160, 1167 (9th Cir. 2000)).

The district court's exclusion of the photograph was not an abuse of discretion. Ponce-Galvan argued that the photograph undermined his specific intent

to reenter the United States without governmental consent because he was trying to turn himself in to seek asylum. *See United States v. Castillo-Mendez*, 868 F.3d 830, 836 (9th Cir. 2017). But the photo bears a tenuous connection to Ponce-Galvan's specific intent on the night of his unlawful reentry into the United States, which occurred over a year after his brother's death. Regardless, Ponce-Galvan was able to introduce evidence about his brother's death through his sister's testimony, as well as the fact that he was in possession of his brother's death certificate when he was arrested and had a fear of returning to Mexico. These "evidentiary alternatives" supported Ponce-Galvan's theory that he had a fear of returning to Mexico. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997). Ponce-Galvan was also permitted to call witnesses to testify about the photograph and how they had shown it to Ponce-Galvan.

In addition to its limited probative value, the district court could conclude that the photo posed a risk of unfair prejudice. Fed. R. Evid. 403. "'Unfair prejudice' is an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013) (quoting *Hankey*, 203 F.3d at 1172). The photograph is graphic, and the district court could conclude it risked eliciting an improper emotional response from the jury. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit

3

it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

The district court's Rule 403 ruling on the photograph does not reflect legal error. The district court did not solely rely on the photograph's graphic nature in deciding to exclude it and sufficiently balanced the Rule 403 factors in its ruling. Although the district court's analysis was brief, "[a] trial judge need not provide a 'detailed' or 'mechanical' recitation of the Rule 403 factors." *United States v. Martinez*, 182 F.3d 1107, 1112 (9th Cir. 1999) (quoting *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994)).

Finally, even if the district court erred in not admitting the photograph, any error was harmless. *See United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015) ("A non-constitutional error requires reversal unless there is a 'fair assurance' of harmlessness, or stated another way, unless 'it is more probable than not that the error did not materially affect the verdict.'" (quoting *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002))). The exclusion of the photograph did not infringe on Ponce-Galvan's ability to present a defense. And in this case, the evidence that Ponce-Galvan intended to enter the United States unlawfully was overwhelming based on, among other things, his scaling the border fence with a ladder, his flight from Border Patrol officers, and his incriminating text message.

**AFFIRMED.**