**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10406 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-164-MCE-1 |
| v. | |
| TIEN TRUONG NGUYEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted October 8, 2013
San Francisco, California

Before:    N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District Judge.[**]

Tien Nguyen appeals from the 151–month sentence imposed following his plea

of guilty to conspiracy to commit computer fraud and access device fraud, in violation

of 18 U.S.C. § 371, access device fraud, in violation of 18 U.S.C. § 1029(a)(2),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

possession of more than 15 unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      Nguyen challenges his sentence under the Ex Post Facto Clause. "Ex post facto challenges are reviewed de novo. However, an ex post facto claim raised for the first time on appeal is reviewed for plain error." *United States v. Chi Mak*, 683 F.3d 1126, 1134 (9th Cir. 2012) (internal citations omitted). A district court properly applies the version of the Sentencing Guidelines in effect at the time of sentencing, unless doing so would violate the Ex Post Facto Clause. U.S.S.G. §§ 1B1.11(a), (b)(1). In this case, the district court applied the definition of "victim" in effect at the time of the offense, U.S.S.G. § 2B1.1 cmt. n.1 (2006), rather than the expanded definition in the 2010 Sentencing Guidelines, U.S.S.G. § 2B1.1 cmt. n.4(E) (2010). Nguyen received the same sentence he would have received under the Sentencing Guidelines in effect at the time of his offense. Accordingly, the sentence does not violate the Ex Post Facto Clause.

2.      We reject Nguyen's contention that the district court failed to comply with Federal Rule of Criminal Procedure 32. We review this contention *de novo*. *United States v. Herrera-Rojas*, 243 F.3d 1139, 1142 (9th Cir. 2001). "Although the

district court's findings under Rule 32(c) must be 'express,' they need only state the court's resolution of the disputed issues." *United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995) (quoting *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990)). The district court made an express ruling on the record, overruling both parties' objections to the presentence report and adopting its factual findings. As such, the district court satisfied the requirements of Rule 32. *See* Fed. R. Civ. P. 32(i)(3)(B).

3. Finally, Nguyen objects to the sentence enhancements applied by the district court. "We review the district court's interpretation of the sentencing guidelines *de novo*, its application of the guidelines to the facts of the case for abuse of discretion, and its factual findings for clear error." *United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007). The standard for finding facts at sentencing is a preponderance of the evidence. *United States v. Showalter*, 569 F.3d 1150, 1159 (9th Cir. 2009).

The 20-level enhancement for amount of loss is supported by the record. For crimes involving stolen or counterfeit credits cards and access devices, loss may be calculated at $500 per access device, as the district court did. *See* U.S.S.G. § 2B1.1 cmt. n.3(F)(i) (2006), (2010). The district court was required only to make a reasonable estimate of the loss, and was not required to take into account Nguyen's

anticipated likelihood of success using access devices he obtained. *See United States v. Yellowe*, 24 F.3d 1110, 1111 (9th Cir. 1994). Because the court's estimate was reasonable based on the number of access devices in Nguyen's possession, there was no error.

The victim impact statements, as well as Nguyen's chat logs, provide sufficient evidence to demonstrate that at least 10 financial institutions suffered actual loss. Thus, the district court did not err in applying a two-level enhancement for offenses involving 10 or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(A)(i).

The record demonstrates that Nguyen recruited and directed others in schemes to cash money orders and test counterfeit debit cards. Thus, there was sufficient evidence to establish that Nguyen was an organizer, leader, manager or supervisor in the conspiracy, and the district court did not err in applying an aggravating role enhancement. *See* U.S.S.G. § 3B1.1(c).

The judgment of the district court is **AFFIRMED**.