**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ulysses Johnny HICKS, Defendant-
Appellant.**

**No. 71-2552.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1972.

Rehearing Denied March 7, 1972.

Michael D. Nasatir, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Tom G. Kontos, Robert C. Bonner, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and HUFSTEDLER, Circuit Judges.

**PER CURIAM:**

Ulysses Johnny Hicks was convicted of transferring about 24.80 grams of cocaine, a narcotic drug, without obtaining a written order form from the transferee, a violation of 26 U.S.C. § 4705(a) [Count I] and transporting and concealing about 496.53 grams of cocaine, knowing that the narcotic had been imported into the United States contrary to law, a violation of 21 U.S.C. § 174 [Count II].

■ On this appeal he contends that the judge should have conducted a "pretrial hearing" on the issue of entrapment. As we understand his argument, it is in substance that due process requires that the judge, at the very least, make an in camera preliminary determination that there was no entrapment before submitting that issue to a jury.[1] He cites no authority for this proposition, but relies for support upon cases such as Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), which outline an approved procedure to be followed where a question arises concerning the voluntariness of a confession.

We reject his contention.

The two rules rest upon different substantive bases and involve different basic considerations which render them non-analogous to each other. Moreover, we have grave doubts that, procedurally, such a preliminary inquiry into the question of entrapment vel non would be ". . . both practical and desirable . . ." [Jackson v. Denno, 378 U.S. at 397, 84 S.Ct. 1774, 12 L.Ed.2d 908]; and, in this regard, we would add that during trial an accused is afforded several opportunities to secure the judge's impartial appraisal of the evidence on the issue.

■ Hicks also assigns as error the judge's denial of his motion to suppress the cocaine discovered in his automobile; it being his contention that the narcotic was the product of an unreasonable search and seizure. However, we do not reach that question. This evidence was not essential to the crime charged in Count I of the Indictment of which he was also found guilty, and the sentences on the two counts were equal and concurrent.

■ In studying the record, we have discovered an irregularity in the sentences not noted by either party, which should be remedied: The written judgment reflects that the judge imposed ten year concurrent sentences upon appellant; however, the transcript shows that, at the arraignment for sentence when Hicks was of course present, the judge orally imposed concurrent sentences of six years. This oral pronouncement is controlling [Rakes v. United States, 309 F.2d 686 (4th Cir. 1962); Payne v. Madigan, 274 F.2d 702 (9th Cir. 1960), aff'd 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853], and the written commitment should be corrected accordingly as permitted by Rule 35 F.R. Crim.P.

The judgment is affirmed and the cause is remanded to the District Court with directions to correct the commitment as indicated in this opinion.

---

1. In considering a somewhat similar argument in Pulido v. United States, 425 F.2d 1391, 1393 (1970) this court made the comment that "Change in this regard must await direction from the Supreme Court."