**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10581 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00145-MMD-GWF-1 |
| v. | |
| RYAN MASTERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted May 12, 2015
San Francisco, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges and TEILBORG,[**] Senior District Judge.

Defendant Ryan Masters appeals his conviction for four counts of

possession of 15 or more counterfeit or unauthorized access devices in violation of

18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i), one count of conspiracy to possess such

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James A. Teilborg, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

devices in violation of 18 U.S.C. § 371, and one count of aggravated identity theft during and in relation to these possession offenses in violation of 18 U.S.C. § 1028A(a)(1). Masters also challenges various aspects of his sentence and accompanying restitution order. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not abuse its discretion when it concluded that the chat log was properly authenticated under Rule 901(a) of the Federal Rules of Evidence because a reasonable juror could conclude that the user "Veovis" was Ryan Masters from the multiple references made to Masters and his email account, veovis@gmail.com, throughout the chat log. *See United States v. Tank*, 200 F.3d 627, 630–31 (9th Cir. 2000). Although the user "TuzzTuzz" suggested that he thought he was speaking to someone else at one point in the conversation, Veovis immediately responded "This is Ryan."

Viewing the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a jury could reasonably conclude beyond a reasonable doubt that Masters possessed 15 or more access devices from Whitaker Bank (Count Two) and Account Now (Count Three) that were capable of being used, *see United States v. Onyesoh*, 674 F.3d 1157, 1159–60 (9th Cir. 2012), based on emails indicating that at least 50 of the Whitaker Bank cards had positive balances, and testimony that Account Now had issued each of the 996 customer

2

card numbers Masters provided to Newsome to customers, even if some of the card numbers were expired. *See id.*

The district court did not plainly err when it determined that a reasonable jury could conclude that Masters possessed the unauthorized access devices "knowingly and with intent to defraud," 18 U.S.C. § 1029(a), because the record reflects that Masters obtained the access device information for the purpose of fraudulently obtaining merchandise that he would later resell. *See United States v. Sullivan*, 522 F.3d 967, 971–75 (9th Cir. 2008) (per curiam). The government was not required to prove that the scheme succeeded in order to prove that Masters had the requisite intent to defraud. *See United States v. Utz*, 886 F.2d 1148, 1150–51 (9th Cir. 1989) (per curiam).

The district court did not plainly err when it determined that a reasonable jury could find that Masters entered into a conspiracy in violation of 18 U.S.C. § 371 to commit an offense under 18 U.S.C. § 1029(a). Given the evidence that Masters provided Newsome with unauthorized credit card numbers when Newsome complained of being broke, and that Masters invited TuzzTuzz to work as a team with him and Newsome, the jury could reasonably infer that Masters had an implicit agreement with others to engage in criminal activity, took overt acts to

implement the agreement, and had the requisite intent to commit credit card fraud. *See Sullivan*, 522 F.3d at 976.

The district court did not clearly err when it applied a 14-level sentencing enhancement under U.S.S.G. § 2B1.1(b)(1)(H) because the district court's determination that Masters intended more than $400,000 of loss was "a reasonable estimate of the loss based on the available information." *See United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007); *see also* U.S.S.G. § 2B1.1 cmt. n.3(A)(i)–(ii). The record supports the district court's conclusion that Masters obtained a total of 493 unauthorized usable access devices from the Aruba Hotel and Account Now, which each resulted in a minimum of $500 of loss pursuant to U.S.S.G. § 2B1.1 cmt. n.3(F)(i), for a total intended loss of $246,500.  Likewise, the district court reasonably attributed $122,715 of intended loss to Whitaker Bank based on evidence that Masters obtained 909 usable unauthorized access devices.  Finally, even if the district court added only the $95,866.87 of actual loss suffered by Best Buy on account of Masters's fraud instead of the intended loss to Best Buy, the total loss attributable to Masters would be more than $400,000.  The imposition of this 14-level enhancement for loss did not overstate the seriousness of Masters's offense.

The district court did not err when it applied a 2-level sentencing enhancement for a crime involving 10 or more victims under U.S.S.G. § 2B1.1(b)(2)(A)(i). In addition to using the information of Best Buy, American Express, the Aruba Hotel, Whitaker Bank, Account Now, Chase Bank, Wells Fargo, and John Baillis, none of which Masters disputes, Masters also unlawfully obtained the full credit profile of Jennifer Paprocky from TuzzTuzz—a profile that was subsequently used without Paprocky's permission on two occasions—and unlawfully used the name of Ruth Jones, each of which is a "means of identification." *See id.* § 2B1.1 cmt. n.4(E).

The district court did not err when it imposed the 2-level "sophisticated means" sentencing enhancement under U.S.S.G. § 2B1.1(b)(10)(C) because Masters's use of the Credit Master software to generate hundreds of credit card numbers, was at least as "especially complex" as the fabrication of documents and the use of bank accounts of others, *see United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (per curiam) (quoting U.S.S.G. § 2B1.1 cmt. n.9(B)), or the production of false invoices and falsified carbon copies of checks, *see United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014).

The district court did not err when it calculated three criminal history points for Masters's prior conviction for a scheme to defraud in Florida because Masters was sentenced to 24 months after his parole was revoked. U.S.S.G. § 4A1.1(a).

"[W]e do not review the procedural correctness of a district court's discretionary decision to depart from the Guidelines range," *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012), and therefore we do not consider Masters's argument that the district court committed procedural error when it denied Masters's motion for a departure under U.S.S.G. § 5H1.3. Instead, we review a sentence for substantive reasonableness, *see id.*, and conclude that Masters's 109-month sentence was not substantively unreasonable, *see* 18 U.S.C. § 3553(a). The district court did not abuse its discretion by granting Masters only a slight downward variance for his mild social and emotional impairments. Nor was Masters's sentence disproportionate to Newsome's sentence because Newsome entered into a plea agreement.

The district court did not abuse its discretion when it ordered Masters to pay $191,906.26 in restitution, because this total is supported by evidence in the record showing the actual loss sustained by American Express, Best Buy, Chase Bank, Fidelity, and Wells Fargo Bank. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

6

The district court did err, however, when it determined that Masters was "in the business of receiving and selling stolen property" under U.S.S.G. § 2B1.1(b)(4), because a "thief who sells goods that he himself has stolen is not in the business of receiving and selling stolen property." *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005) (internal quotation marks omitted). Here, Masters sold goods on Craigslist that he himself stole through the use of stolen credit information. Accordingly, the district court erred in imposing the two-level sentencing enhancement.

Finally, we decline to consider Masters's objection to his special condition of supervised release because it was raised for the first time in his reply brief. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.**