NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0419n.06

No. 14-3326

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 08, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE NORTHERN |
| | ) DISTRICT OF OHIO |
| LANSFORD BEUNS, | ) |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: KEITH and CLAY, Circuit Judges; and MARBLEY, District Judge.[*]

**DAMON J. KEITH, Circuit Judge.** Lansford Beuns pleaded guilty to conspiracy to commit access device fraud, use of unauthorized access devices, possession of fifteen or more counterfeit or unauthorized access devices, and possession of device-making equipment, in violation of 18 U.S.C. § 1029(b)(2), 18 U.S.C. §1029(a)(2), 18 U.S.C. § 1029(a)(3), and 18 U.S.C. § 1029(a)(4)2, respectfully. The last three counts include an aiding and abetting charge, in violation of 18 U.S.C. § 1029(c)(1)(A), which Beuns also pleaded guilty to. Over Beuns's objection, the district court sentenced Beuns to thirty-three months' imprisonment, to run concurrently on each count, three years supervised release with a $400 special assessment, and $7141.67 in restitution. Beuns appeals his thirty-three month sentence of imprisonment.

Beuns questions whether the district court properly calculated his Guidelines range. He objects to the district court's enhancement based on loss calculation. Beuns argues that the district court's 14-level enhancement, which presupposes that he possessed 800 access devices

---

[*]Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

and a loss figure of $400,000, is error. He concedes that a stolen credit card number may be an access device. Beuns argues that while he possessed roughly 1200 stolen credit card numbers, only 120 were "access devices" as enumerated under 18 U.S.C. §§ 1029(e)(1) and (e)(3). He argues that the remaining credit card numbers were not access devices because the credit card numbers had either been cancelled after the theft or expired, and thus were not usable. Beuns further asserts that this alleged error caused the district court to start its downward departure from an improper sentencing range, which, in turn, warrants a lighter sentence.

The district court found that Beuns had a base offense level of 6 pursuant to U.S. Sentencing Guidelines § 2B1.1. Under Subsection (b)(1), the district court was required to increase Beuns's offense level based on the dollar value of loss that was attributable to him. This dollar amount was determined by the number of unauthorized access devices associated with the charges against Beuns; each device being assigned "no[] less than $500" of notional loss. Application Note 3(F)(i). The government asserted that Beuns possessed at least 800 access devices. Therefore, the loss calculated as being attributable to Beuns was $400,000 ($500 x 800 unauthorized access devices)—a figure that is associated with a 14-level sentencing enhancement.

At sentencing, the district court recognized that the actual loss associated with Beuns's criminal activity (approximately $7,000) was significantly less than the loss that was statutorily attributable to him and determined that under the circumstances Beuns was entitled to a downward variance. The district court thereafter used the sentencing enhancement provisions for theoretical loss as a tool to help determine a reasonable downward departure. The district court settled on a sentence associated with a 10-level enhancement because it reflected the

2

seriousness of Beuns's criminal activity while also recognizing that the actual loss was not as significant as contemplated by the number of devices he was charged with having.

Beuns objected to his Guidelines calculation, contending that only 120 cards constituted "unauthorized access device[s]" because the definition of that term implies that the credit card number must be usable. *See* 18 U.S.C. §§ 1029(e)(1) and (e)(3) (an "access device" is any means of "account access that *can be used . . .* to obtain money, goods, services, or any other thing of value" (emphasis added)). The district court rejected this argument because this Circuit has not required a showing of usability and because the Guidelines mandate that sentencing enhancements be based on "$500 per access device." Application Note 3(F)(i). On appeal, Beuns challenges the procedural reasonableness of his sentence, again asserting that his offense level was miscalculated because he only conceded that 120 (and not 800) credit card account numbers constitute unauthorized access devices. If Beuns is correct, then his applicable Guidelines range would be appreciably lower, even relative to his downwardly departed sentence.

We review sentences, generally, for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007); *United States v. Cochrane*, 702 F.3d 334, 343 (6th Cir. 2012). One aspect of this review is whether the sentence is procedurally reasonable. *United States v. Babcock*, 753 F.3d 587, 590 (6th Cir. 2014). Procedural reasonableness requires, among other things, that the district court properly calculate the Guidelines range. *Cochrane*, 702 F.3d at 344. A sentence is procedurally unreasonable and the district court has abused its discretion, if the sentence is based on a miscalculation of the Guidelines range. *See id*. We review *de novo* the appropriate statutory construction of the Sentencing Guidelines and accompanying commentary.

*United States v. Gilmore*, 431 F. App'x 428, 430 (6th Cir. 2011) (citing *United States v. Portela*, 469 F.3d 496, 498 (6th Cir. 2006)). And factual findings with respect to the loss calculation are reviewed for clear error. *United States v. Warshak*, 631 F.3d 266, 328 (6th Cir. 2010). Therefore, we must determine what constitutes an access device and whether the district court clearly erred in determining the number of such devices for purposes of the loss calculation.

Beuns maintains solely that his sentence is flawed because the district court did not find that the government proved, by the preponderance of the evidence, that all credit card numbers taken into account when it calculated loss were usable. Beuns asserts that the district court failed to recognize that USSG. § 2B1.1 cmt. 3(F)(i), which provides that "loss includes any [counterfeit or] unauthorized access device and shall not be less than $500 per access device[,]" requires that a device actually be usable. Beuns recognizes that we have not specifically held that an access device be usable. He relies on a recent Ninth Circuit case to support his usability argument.

In *United States v. Onyesoh*, 674 F.3d 1157 (9th Cir. 2012), the Ninth Circuit confronted the issue of whether usability is a requirement under 18 U.S.C. §§ 1029(e)(1) and (e)(3). *Id.* at 1159. Specifically, the court was tasked with determining if expired credit card numbers are access devices under §§ 1029(e)(1) and (e)(3), and thus, may be used to support a loss calculation. *Id.* at 1159. The Ninth Circuit first acknowledged that neither the text of the statute nor any other circuit addressed usability. *Id.* It then noted that the statute categorized an access device as being capable of obtaining things of value. *Id.* *Onyesoh* reasoned that because an access device must be capable of obtaining goods, usability is a requirement that comports with the plain language of the statute. *Id.* *Onyesoh* explained that "[f]or some types of access devices -- e.g., credit card and bank account numbers -- usability may be self-evident." *Id.* at 1160. The

*Onyesoh* court provided examples of when a record adequately establishes usability: (1) if there is evidence that a defendant attempted to use expired credit card numbers; (2) if there is evidence that a defendant possessed expired credit card numbers prior to their expiration; (3) expert testimony that devices were 90% usable, and (4) if there is evidence that the a defendant was prepared to use the numbers in combination with another device.

Even applying the standard articulated by the *Onyesoh* court, the district court was not required to make a finding that the stolen credit card numbers attributed to Beuns to determine loss were usable: the record supports usability. Buens's own testimony establishes that he attempted to use the stolen credit card numbers that he now argues may not be used to determine loss. Buens argued in his sentencing memorandum and at his sentencing hearing that he purchased credit card numbers online, embossed and encoded those numbers on plastic cards, walked into a department store and attempted to purchase merchandise with the counterfeit cards. He asks us to find that because several of his purchases were declined, those cards are not statutory access devices. He even proposes that we determine loss proportionate to his actual success at usage. But, Beuns's argument is contradicted by the case that he uses to support it. *Onyesoh* explicitly explained that attempted usage supports usability. Further, there was unchallenged evidence that the majority of the credit cards had a likelihood of 70% to 90% of success. This, too, would support usability as articulated by *Onyesoh*. Moreover, Buens admitted that he purchased approximately 1200 credit card numbers and possessed plastic credit cards, an encoder to add the numbers to the card's magnetic strip, and an embosser to place the numbers on the front of the plastic cards to create counterfeit credit cards. Indeed, post *Onyesoh*, the Ninth Circuit upheld a loss calculation of a district court that did not determine usability and

the record demonstrated less evidence. *United States v. Tien Truong Nguyen*, 543 F. App'x. 715 (9th Cir. Cal. 2013) (supporting a 20-level enhancement and noting that "[t]he district court was not required to . . . anticipate[] likelihood of success"). Beuns's reliance on *Onyesoh* is misplaced, as the district court's decision comports with the law articulated by the Ninth Circuit.

Not only is Beuns's usability argument unsupported by the principles articulated in *Onyesoh*, his case is factually distinguishable and compels the opposite outcome. In *Onyesoh*, the Ninth Circuit was required to determine whether the possession of 500 stolen credit card numbers, all of which were expired, were unauthorized access devices. The record was devoid of evidence that could show whether usability was "readily apparent." 674 F.3d at 1160. It remanded the case with the instruction to make specific factual findings. *Id.* As we stated above, the record is replete with evidence that establishes that Buens employed a scheme by which he could use the stolen credit card numbers to purchase goods. We find that these distinguishable facts fatal to Beuns's reliance on *Onyesoh*.

Rather, the facts and circumstances surrounding Beuns's sentence fit squarely within our precedent, which holds that under Application Note 3(F)(i): "(1) loss shall include any unauthorized charges made with the counterfeit access device or unauthorized access device, and (2) the loss shall be not less than $500 per access device." *Gilmore*, 431 Fed. App'x. at 430.

The district court's 14-level enhancement is supported by the record. A 14-level enhancement required a finding that Beuns possessed a minimum of 800 access devices. Beuns and his co-defendant had in excess of 1200 credit card numbers in their possession, 350 of which were Beuns's. Because Beuns admitted that he possessed all 1200 credit card numbers, the district court was not required to impose a loss calculation reflecting 120 access devices. *United*

*States v. Lyles*, 506 F. App'x 443, 452 (6th Cir. 2012) (affirming the $500 per-device rule to 977 stolen credit card numbers to determine loss even though only 192 were used); *Gilmore*, 431 F. App'x at 429 (affirming the $500 per-device rule to a combination of 2,747 stolen social security and bank account numbers to determine loss, many of which were not used). We find no reversible error.

As a final matter, Beuns requests leave to file a *pro se* brief. Beuns's *pro se* brief that he submitted in support of his motion simply rehashes his counsel's arguments. He presents no new arguments. Thus, we decline to grant Beuns's request to file a *pro se* brief because he is represented by counsel. *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (citing *United States v. Howton*, 260 F. App'x 813, 819 (6th Cir. 2008); ("We decline to address [the defendant's pro se] arguments because [the defendant] was represented by counsel in this matter.")).

We, therefore, **AFFIRM** the sentence of the district court.