**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10257 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00476-TLN-1 |
| v. | |
| JASEN LYNN DUSHANE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 18, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

Jasen DuShane appeals his three-count conviction imposed after a jury trial

in the Eastern District of California. We have jurisdiction under 28 U.S.C. § 1291

and affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Viewing the evidence in the light most favorable to the government, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a rational trier of fact could find the essential elements of possession of stolen mail, access device fraud, and aggravated identity theft beyond a reasonable doubt. Based on Wentzloff's testimony, which the jury was entitled to credit, *see United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010), a reasonable jury could have found beyond a reasonable doubt that DuShane knowingly possessed stolen mail, *see* 18 U.S.C. § 1708. A reasonable jury could also have concluded that DuShane knowingly possessed more than 15 usable access devices, *see* 18 U.S.C. § 1029(a)(3), based on evidence that DuShane had obtained 26 full credit card account numbers, *United States v. Onyesoh*, 674 F.3d 1157, 1159–60 (9th Cir. 2012), and on Wentzloff's testimony regarding DuShane's subsequent use of these numbers. Because DuShane's challenge to his conviction of access device fraud fails, his challenge to his conviction on aggravated identity theft under 18 U.S.C. § 1028A(a)(1) also fails.

Because Jury Instruction 22 identified only one of the two victims named in the indictment, it narrowed the indictment rather than broadening it. Therefore, the omission did not constructively amend Count 3. *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014); *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th

2

Cir. 2012). Although the jury instructions did not include a date, unlike the indictment, the only evidence introduced at trial regarding the identified victim was gathered after DuShane's arrest on that date. Therefore, the omission was not material. *See Ward*, 747 F.3d at 1189–90.

The district court did not abuse its discretion in admitting evidence regarding DuShane's prior arrest and conviction in a similar identity fraud scheme because that evidence tended to show that he intended to defraud the victims at issue here. *See* Fed. R. Evid 404(b); *see also United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010). The court gave limiting instructions both after the introduction of the evidence and at the conclusion of trial, and did not abuse its discretion in concluding that the probative value of this evidence was not substantially outweighed by a risk of unfair prejudice. Fed. R. Evid. 403; *Flores-Blanco*, 623 F.3d at 920.

We reject DuShane's claim that the district court abused its discretion in denying his motion for a continuance one week before trial because DuShane failed to show prejudice from the denial. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142 (9th Cir. 2005). DuShane issued subpoenas to all but one of his desired witnesses, and has not identified any evidence in the black binder that he would have used. Nor did the district court abuse its discretion in resolving

DuShane's request for library access, because the court granted every request he made.

**AFFIRMED**.