**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50501 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00270-DMG |
| v. | MEMORANDUM[*] |
| LANCELOT JOSHUA WILBURN, AKA L Dog, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before:    GOULD and BERZON, Circuit Judges, and ZOUHARY,[**] District
Judge.

Lancelot Wilburn appeals his 57-month sentence for: possession of fifteen or

more counterfeit or unauthorized access devices, in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

§ 1029(a)(3); possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4); use of a counterfeit access device, in violation of 18 U.S.C. § 1029(a)(1); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

1. The district court did not violate Federal Criminal Rule 32 by considering the Government's loss analysis filed after the deadline for objecting to the Presentence Report and without an express finding of good cause. But even assuming without deciding that the Government violated Rule 32, Wilburn has shown no prejudice because he had adequate opportunity to respond to the Government's submission prior to sentencing and, further, Wilburn specifically declined the court's offer for a continuance.

2. Wilburn contends the district court erred in its application of the Sentencing Guidelines by (1) finding he possessed 770 access devices, and (2) making no finding as to the usability of those access devices. We review the district court's construction of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). "A calculation of the amount of loss is a factual finding reviewed for clear error." *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008).

We decline to reach Wilburn's argument that counting duplicate account numbers found embossed on credit cards, handwritten in Wilburn's notebook, and downloaded to Wilburn's computer is impermissible double counting. The district court applied a 12-level increase based on its conclusion that Wilburn possessed 770 access devices for a total loss of $385,000. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(G) (2013) (applying a 12-level enhancement for loss of more than $200,000 and less than $400,000); *id.* at comment. (n.3(F)(I)) (calculating loss at $500 per access device). Even if there were complete overlap between the three sources of account numbers, the evidence presented by the Government indicates Wilburn still would have possessed at least 471 unique stolen account numbers resulting in an intended loss of $235,000 and the same 12-level increase. *See* U.S.S.G. § 2B1.1(b)(1)(G); *United States v. Nguyen*, 81 F.3d 912, 915 (9th Cir. 1996). Thus we do not resolve the double counting argument because any error is harmless as to the guideline calculation.

We also interpret the district court's conclusion, that the Government had shown by a preponderance of the evidence that Wilburn possessed 770 access devices, as a finding that the access devices were usable. An "access device" includes a card or an account number "that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value." 18 U.S.C. §

3

1029(e)(1). In addition to Wilburn's admission that he and his co-conspirators used the stolen account numbers, the Government's evidence that Wilburn "was prepared to use the numbers in combination with another device . . . satisf[ies] the statutory requirements." *United States v. Onyesoh*, 674 F.3d 1157, 1160 (9th Cir. 2012).

**AFFIRMED.**