**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL THOMAS GAUSSIRAN,
AKA Michael Steele, AKA Michael
Sterling,

Defendant-Appellant.

No. 18-50431

D.C. No.
2:16-cr-00739-CJC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 10, 2019[**]
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Michael Gaussiran appeals the district court's denial of both his motion to suppress and motion for acquittal on Counts 1, 2, and 3. He also appeals the sentence imposed by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review a district court's denial of a motion to suppress de novo, and its underlying factual findings for clear error. *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009). Gaussiran argues that the district court should have granted his motion to suppress because (1) Nunez lacked reasonable suspicion to stop him, and (2) Nunez did not have probable cause to search his vehicle.

A. The district court's factual findings were not clearly erroneous as to the officer's reasonable suspicion to stop Gaussiran and speak with him, based on (1) the anonymous tip that there was narcotics activity in the area, (2) Gaussiran's vehicle registration being expired, (3) Gaussiran attempting to avoid eye contact with the officer, (4) Gaussiran driving away from the officer, and (5) Gaussiran walking away from the officer in a residential neighborhood. *See United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017) ("Review under the clearly erroneous standard is significantly deferential, 'requiring for reversal a definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003))).

2

B. "Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010). The district court found that: (1) the officer saw the syringes in plain view while entering the vehicle to retrieve the female passenger's purse after she admitted to being on probation and having marijuana in her purse; and (2) Gaussiran displayed other signs of narcotics use. Thus, the district court properly found that the officer had probable cause to search Gaussiran's vehicle.

2. "We review de novo the district court's denial of Rule 29 motion for judgment of acquittal." *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009). "The question we must address is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Herrerra-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001)).

As to Count 1, there was sufficient evidence to find that Gaussiran had possessed fifteen or more usable unauthorized access devices. The jury heard testimony that Gaussiran was found in possession of over sixty credit cards. As we have suggested, the jury could have inferred from that fact alone that the credit cards were usable. *See United States v. Onyesoh*, 674 F.3d 1157, 1160 (9th Cir.

2012) ("For some types of access devices—*e.g.*, credit card and bank account numbers—usability may be self-evident."). Even if the jury did not find it self-evident, the jury heard testimony regarding the ease with which Gaussiran could have activated the credit cards. Additionally, the jury heard testimony that Gaussiran used two of the credit cards for purchases. Viewing this evidence in the light most favorable to the government, the jury could find that these cards were usable. *See id.*

Because the evidence was sufficient as to Count 1, the evidence was also sufficient as to Count 2, because Count 2 relies on Count 1.

As to Count 3, there was sufficient evidence to find that the identification documents were in or affected interstate commerce. "[I]t is well settled that transmission through the [United States] mail[] is interstate commerce." *Fox v. Summit King Mines*, 143 F.2d 926, 929 (9th Cir. 1944). The jury heard ample evidence to support an inference that all three California driver's licenses were transported through the mail.

3.     We review a district court's interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). As mentioned above, Gaussiran was found in possession of sixty-

six usable unauthorized accesses devices. "In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the . . . unauthorized access device and shall not be less than $500 per access device." U.S. SENTENCING GUIDELINES MANUAL § 2B1 cmt. 3(F)(i). Thus, the district court did not abuse its discretion in including $500 for each card in its calculation.

Further, the district court did not abuse its discretion in including the face value of each check in its loss calculation. Although the court called the checks "endorsed" checks, there is evidence in the record that the court used the term "endorsed" to distinguish the checks with a face value from the blank checks. Thus, the district court was within its discretion to include these checks in its loss calculation.

**AFFIRMED.**