**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50301 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00049-RGK-1 |
| v. | |
| BRENT CHEW, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before: WARDLAW and LEE, Circuit Judges, and KENNELLY,** District Judge.

Brent Chew appeals his seventy-five-month sentence, which the district

court imposed following Chew's guilty plea to possession of fifteen or more

unauthorized access devices in violation of 18 U.S.C § 1029(a)(3) and aggravated

identity theft in violation of 18 U.S.C. § 1028(a)(1). We review a district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

interpretations of the Sentencing Guidelines *de novo*, its factual findings underlying a sentence for clear error, and its application of the Sentencing Guidelines to the facts for abuse of discretion. *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part, vacate Chew's sentence, and remand for resentencing with instructions.

1. The district court clearly erred in applying a twelve-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G) because neither clear and convincing evidence nor a preponderance of the evidence established a total intended loss of $518,558.67. [1] *See United States v. Onyesoh*, 674 F.3d 1157, 1159–60 (9th Cir. 2012). The district court based its calculation of the intended loss on an incorrect finding that Chew possessed 1,036 access devices. Although Chew possessed a spreadsheet with information for 1,036 bank account, debit card, and credit card numbers, the government offered no evidence of the usability as to those accounts. *See id.* ("For an unauthorized access device whose usability is not readily apparent" to be the basis of a sentencing enhancement, the government

---

[1] Chew argues that the district court should have applied a clear and convincing burden of proof because, he contends, the enhancement for the amount of intended loss has a disproportionate impact on his sentence. Because we find the evidence insufficient to support the district court's determination regardless of the burden of proof, we need not address this argument. *See Gonzalez-Gomez v. Immigration & Naturalization Serv.*, 450 F.2d 103, 105 (9th Cir. 1971).

must show "some proof" that the device is usable, or "capable of obtaining something of value."). The government neither verified any of these account or card numbers nor provided evidence that any of Chew's victims were included in the spreadsheet. *See id.* at 1160. Nor did Chew's admissions regarding his possession of the information in the spreadsheet indicate that the information was usable.[2] Because the district court erred in calculating the total intended loss, we vacate Chew's sentence and remand for resentencing.

2.      The district court did not clearly err in multiplying the number of access devices by $500 to calculate the amount of intended loss. *See* U.S.S.G. § 2B1.1 cmt. n. 3(A) ("[L]oss is the greater of actual loss or intended loss."); *id.* cmt. n. 3(F)(i) ("In a case involving any counterfeit access device or unauthorized access device, loss . . . shall be not less than $500 per access device."); *United States v. Yellowe*, 24 F.3d 1110, 1113 (9th Cir. 1994) (holding that it was not clearly erroneous for a district court to calculate loss by multiplying the minimum loss calculation by the amount of useable credit card numbers in the defendant's possession, even though the defendant had used none of the numbers).

---

[2] Contrary to our dissenting colleague, we do not find Chew's admission that the individuals listed in the spreadsheet were "real people" to constitute evidence that the listed accounts were usable, as there is no indication whether the accounts were still open at the time Chew possessed the spreadsheet. *See Onyesoh*, 674 F.3d at 1160. Similarly, Chew's admission that he possessed information for around 3,000 people does not, without more, constitute evidence that he had *usable* unauthorized access devices for that many people. *See id.*

3.    The district court did not commit plain error in applying the preponderance of evidence burden of proof to the sentencing enhancement for the number of victims.  *See* Fed. R. Crim. P. 52(b); *United States v. Garro*, 517 F.3d 1163, 1168–69 (9th Cir. 2008).  Although the enhancement related to an uncharged crime, the preponderance standard was appropriate because the enhancement did not have an extremely disproportionate effect on Chew's sentence, particularly because it neither increased the total offense level by four or more nor doubled the length of his sentence.  *See United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019).

4.    The district court did not clearly err in finding that the government established by a preponderance of the evidence that Chew's criminal activity involved more than ten victims and, accordingly, the court did not abuse its discretion by applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i).  The district court properly included eight mail theft victims in the number of victims because Chew's uncharged act of mail theft was part of the same course of conduct and thus was relevant conduct to the charged crime of identity theft.  *Id.* §§ 1B1.3(a)(1)(A) & (a)(2).  Chew also used the personal information of one additional victim.  Further, the district court did not clearly err in counting both an individual and that individual's bank as victims because both the account holder and the bank suffered "distinct wrongs," and "accounting for

those distinct wrongs is necessary to make [Chew's] sentence reflect the full extent of the wrongfulness of his conduct." *See United States v. Pham*, 545 F.3d 712, 717 (9th Cir. 2008) (internal quotation marks omitted). Nor does Application Note 4(E) to U.S.S.G. § 2B1.1 provide that the account holder and the bank cannot be counted separately; it merely defines two categories of individuals who qualify as victims and does not prohibit adding both categories together to reach the total number of victims.

5. The district court did not abuse its discretion by failing to consider mitigating factors or address Chew's non-frivolous arguments. The court adequately considered these points by reviewing the presentence report and the parties' written submissions, listening to the oral arguments, and accounting for certain mitigating factors in its post-release conditions and its oral pronouncement of the sentence. *See Rita v. United States*, 551 U.S. 338, 358 (2007); *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

6. Because we remand on the basis of procedural errors, we do not reach the question of the substantive reasonableness of Chew's sentence. *See Pham*, 545 F.3d at 716.

7. The district court erred in issuing a written judgment that contained four conditions that it did not include in its oral pronouncement, including three post-release conditions that this Court has found to be unconstitutionally vague.

Supervised release condition 9, requiring the defendant to "perform 20 hours of community service per week" when "not employed or excused by the Probation Officer," should be stricken from the written judgment because the district court's oral pronouncement of the sentence did not include that condition, and the oral pronouncement controls. *See United States v. Hicks*, 455 F.2d 329, 330 (9th Cir. 1972) (per curiam). In addition, Standard Conditions 5, 6, and 14 must be stricken because this Court found those conditions unconstitutionally vague in *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018), and because the district court struck those conditions its oral pronouncement but not its written judgment, *Hicks*, 455 F.2d at 330.[3] Accordingly, on remand, the district court should amend the written judgment to conform with the oral pronouncement of the sentence by striking conditions 5, 6, 9, and 14.

For the foregoing reasons, we vacate and remand the sentence for the district court to recalculate the amount of intended loss and resentence Chew accordingly. We also direct the district court to correct the written judgment by striking the challenged conditions of supervised release.

**AFFIRMED IN PART, VACATED, AND REMANDED IN PART FOR RESENTENCING IN ACCORDANCE WITH THIS DISPOSITION**

---

[3] The district court misspoke at sentencing by striking Condition 17, rather than Condition 14. This error is immaterial, however, because the written judgment improperly included both conditions, and it was obvious from the oral pronouncement that the district court intended to strike the unconstitutional conditions.



*United States v. Brent Chew*, No. 18-50301

LEE, Circuit Judge, concurring in part and dissenting in part:

I join the majority's opinion, except for the sole issue of whether the district court correctly applied a twelve-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G). Under the preponderance of evidence standard of review, I believe the district court did not err in finding that Chew possessed over 1,000 access devices and that he accordingly merited the twelve-level enhancement.

The majority holds that the government failed to meet its burden of proof on this issue, regardless of whether the clear and convincing evidence or the preponderance of evidence standard applies. While I agree that the government would have failed to meet its burden under the clear and convincing evidence standard, it has met the preponderance of evidence standard's relatively low bar.

It is well-settled that courts "generally use the preponderance of the evidence standard of proof when finding facts at sentencing . . . ." *United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015) (quotation marks and citation omitted). But this circuit has also held that the clear and convincing evidence standard can apply where those facts have an "extremely disproportionate" impact on a sentencing enhancement. *See United States v. Staten*, 466 F.3d 708, 718 (9th Cir. 2006).

Unfortunately, "we have not been a model of clarity" in articulating when the clear and convincing standard applies. *United States v. Berger*, 587 F.3d 1038,

1048 (9th Cir. 2009). Nor have we applied that standard consistently. But in trying to synthesize and reconcile this circuit's precedent, it appears that the clear and convincing evidence standard generally applies where (1) facts found relate to uncharged or acquitted conduct (as opposed to conduct arising from a convicted offense) and (2) lead to an extremely disproportionate effect on a sentence enhancement. *See, e.g., United States v. Garro*, 517 F.3d 1163, 1168–69 (9th Cir. 2008); *Hymas*, 780 F.3d at 1289–93; *Berger*, 587 F.3d at 1047–48. *But see, e.g., United States v. Johansson*, 249 F.3d 848, 853–58 (9th Cir. 2001) (determining whether the clear and convincing evidence standard applies to an enhancement resulting from charged conduct).[1]

Chew's twelve-level enhancement resulted from conduct for which he was charged and pled guilty, namely unlawful possession of 15 or more unauthorized access devices. And if the preponderance of evidence standard accordingly

---

[1] Despite the lack of intra-circuit clarity on the question, one thing is crystal clear: The Ninth Circuit remains a post-*Booker* holdout in retaining the clear and convincing evidence standard at sentencing. Other circuits have jettisoned heightened standards at sentencing on the ground that due process concerns are no longer implicated post-*Booker* in light of the now-advisory nature of the Guidelines. *See United States v. Leahy*, 473 F.3d 401, 413 (1st Cir. 2007); *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005); *United States v. Fisher*, 502 F.3d 293, 305–08 (3d Cir. 2007); *United States v. Grubbs*, 585 F.3d 793, 799–803 (4th Cir. 2009); *United States v. Brika*, 487 F.3d 450, 460–62 (6th Cir. 2007); *United States v. Reuter*, 463 F.3d 792, 793 (7th Cir. 2006); *United States v. Villareal-Amarillas*, 562 F.3d 892, 894–98 (8th Cir. 2009).

applies, the district court did not err in finding that he possessed over 1,000 unauthorized access devices resulting in an intended loss between $250,000 to $550,000. In *United States v. Onyesoh*, this court held that the usability of credit card or bank account numbers is "self-evident," unless there is evidence suggesting otherwise (*e.g.,* expired credit card numbers). 674 F.3d 1157, 1160 (9th Cir. 2012).

Here, Chew admitted in his plea colloquy to his use of others' personal information to further his crimes. He also admitted that he knew the individuals in the spreadsheet at issue — which included thousands of bank account and credit card numbers — were "real people." In a *Mirandized* post-arrest interview, Chew admitted that he possessed information for over 3,000 individuals. And the search of his home and possessions showed him to possess large quantities of highly sensitive personal information for scores of individuals.

Perhaps the government could have done more to prove its case against Chew, but under a preponderance of evidence standard, they have done enough. I thus respectfully dissent on the issue of whether the twelve-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G) applies.